UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14039-CIV-MARRA/LYNCH

SCOTT SCHUSTER,

    Plaintiff,

v.

SEARCH, SURVEY & RECOVERY, INC.,
d/b/a SSR, Inc.,

    Defendant.
_____/

FILED by ___ D.C.
DEC 3 0 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS (DE 19)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply, this Court finds as follows:

    1.    The instant Motion concerns the Defendant's failure to comply with this Court's Order to Compel found at DE 15. The Defendant had until November 22, 2016 to produce all responsive discovery. To-date the Defendant still has not done so. The Plaintiff now moves for sanctions for that noncompliance. The procedural history surrounding the discovery request is complicated, however. A thorough consideration of the Defendant's noncompliance therefore requires review of the contemporaneous procedural history.

    2.    This Court begins its review by identifying exactly what discovery request is at issue. In his underlying Motion to

Compel, the Plaintiff referenced the "Request to Produce [that he had served] on Defendant, NORTHCLIFFE OCEAN SHIPPING & TRADING CO., INC. on September 29, 2016." The Plaintiff's mistake was to refer to the Defendant by the wrong name. That Northcliffe company is not a defendant to this lawsuit nor an involved third-party. The subject Request to Produce also was said to be attached to the Motion to Compel as Exhibit A, but the Motion was docketed without any attachments. These two errors in identifying the subject discovery request do not excuse the Defendant's noncompliance, however. As the Plaintiff has explained in subsequent filings, the Defendant knew that the Motion to Compel concerned the "Request for Production" dated August 31, 2016 that he had sent to it. (The Plaintiff now attaches the subject Request for Production to his Motion for Sanctions.) Despite the Plaintiff's prior explanation of this simple mistake, the Defendant continues to rely on it as a reason for its noncompliance.

3. This excuse for noncompliance is unavailing. This Court notes that the Defendant does not expressly deny <u>receiving</u> the discovery request at issue (even if the Plaintiff used the wrong defendant name in his Motion to Compel). The Defendant does not deny the statement that the Plaintiff made in his Motion to Compel that the two had attempted in good faith to

resolve the discovery dispute; that the Defendant had promised to answer the discovery request; but that the Defendant has provided none of those promised answers. This further implies that the Defendant knew what discovery request was at issue.

4. If the identification error had made any material difference, the Defendant did not respond to the Motion to Compel to raise it as a defense. Nor did the Defendant move for reconsideration or clarification of this Court's Order to Compel. The simple fact remains that this Court ordered the Defendant to answer "the pending Request for Production". The Defendant should have known what the pending Request for Production was and should have answered it as instructed.

5. The Defendant's second reason for its noncompliance is the fact that its counsel is moving to withdraw his representation. This Court appreciates that this circumstance may be a complicating factor. However, in the absence of a stay, the Defendant must remain current with its litigation obligations.

6. The Defendant's third reason is the health-related matter of Peter Theophanis, the Vice President of the Defendant company. Mr. Theophanis suffered a back injury and has had two related hospitalizations for it. The Defendant says that Mr. Theophanis is bed ridden. This Court appreciates the difficulty

that this may have caused. However the Defendant does not go so far as to explain why the subject Request for Production has remained unanswered for the full length of the intervening period of time. Nor does the Defendant explain how the Defendant's corporate officers have been able to wind the company's operations down and to liquidate its assets during the same time frame. If Mr. Theophanis remains unable to assist with the discovery, then the Defendant shall find someone else who can.

7.   Lastly this Court notes that the attorney of the Defendant has had the distraction of health problems and deaths in his own family. No doubt that has posed difficulties, as well. However there is also the fact that still today, despite the intervening length of time, no progress at all has been made towards answering any of the Requests for Production that this Court ordered the Defendant to do.

8.   The Plaintiff seeks the severest of sanctions. Pursuant to Rule 37(b)(2), Fed.R.Civ.P., the Plaintiff asks to strike the Defendant's pleadings and to enter Final Judgment against it. (The Plaintiff did not confer with the Defendant before filing the Motion for Sanctions as required by Local Rule 7.1(a)(3), this Court notes.) In light of the full circumstances this Court does not find such severe sanctions warranted. This

Court observes moreover that the Plaintiff also has filed a Motion for Summary Judgment, and the Defendant opposes the Plaintiff's claim for relief on the merits. The contemporaneous summary judgment proceeding weighs against entering a Final Judgment as a matter of discovery sanctions.

9.   This Court finds the circumstances instead to warrant giving the Defendant an additional opportunity to comply with this Court's Order. This has the benefit of creating a new deadline that is free of the several distractions that have hindered compliance thus far and of clarifying the Defendant's still ongoing obligation to bring itself into compliance despite those distractions.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Sanctions (DE 19) is **DENIED** with respect to the form of sanctions requested but **GRANTED** to the extent this Court extends the time for compliance. Defendant shall answer completely and in full the Request for Production that is dated August 31, 2016 and attached to the Motion for Sanctions at DE 19-1. The Defendant shall bring itself into full compliance by **TUESDAY, JANUARY 17, 2017**. This new deadline gives the Defendant ample additional time to bring itself into compliance. Should the Defendant not bring itself into full compliance by this new

deadline, then the Plaintiff may file a new Motion for Sanctions.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of December, 2016.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: G.J. Sullivan, Jr., Esq.
    Michael W. McLeod, Esq.